Taft, J.,
 

 concurring. I concur in the syllabus, judgment and opinion of the majority.
 

 By the terms of the written application signed by the insured Swicker, he expressly warranted certain facts stated therein to be true and agreed that the insurance company might rely upon those facts as warranted in issuing any automobile policy. Such an agreement would necessarily amount to an agreement that any knowledge of the insurance company’s agent with respect to the facts so warranted should not be imputed to the insurance company. Under paragraph two of the syllabus and for the reasons given in the majority opinion in support of that paragraph of the syllabus, such an agreement is valid and enforceable.
 

 The nonwaiver provision of the policy, sent by the insurance company to its agent but never delivered by the agent to Swicker, represented an agreement to the same effect.
 

 In each of the
 
 Foster
 
 and
 
 Glass cases,
 
 cited in the majority opinion, there was no agreement between the insured and the insurer, as in the instant cases, that the Ohio common-law rule set forth in paragraph one of the syllabus in the instant cases should be supplanted with a different rule. See the
 
 Foster case,
 
 at page 191.
 

 While the policies involved in those cases did pro
 
 *353
 
 Mbit waivers by any agent of the company, no such waivers were involved. In each of those cases, the knowledge of the agent, under the common-law rule set forth in paragraph one of the syllabus in these cases, was the knowledge of the principal. It follows that the action taken by the principal with that knowledge represented, in effect, a waiver by the insurer, not merely a waiver by the agent.
 

 The
 
 Lind case,
 
 cited in the dissenting opinion, dealt only with problems with respect to waiver after occurrence of a loss.
 

 Of course, the General Assembly has the power to change the rule of law set forth in paragraph two of the syllabus of these cases. Cf. Section 9583, General Code. However, until the General Assembly does that, this court should not disregard the general right of parties to enter into contracts of the kind described in paragraph two of the syllabus.
 

 As stated by Warden, J., in
 
 Baker
 
 v.
 
 Jordan,
 
 3 Ohio St., 438:
 

 ‘ ‘ Among the purely artificial rules of evidence, none much more commends itself to regard than that which forbids the parties to a solemn contract, reduced to the certainty of a writing, to alter, vary, limit, enlarge, or contradict what they have thus made certain, by the recollections of witnesses, attempting to show what the parties said before or at the time of signing the contract. ’ ’
 

 In other words, where parties have expressed their agreements in writing, the law has established the parol evidence rule to avoid the uncertainties which result from controversies arising because one party testifies that he did say something and the other party testifies that he did not. The same reasons for establishing that rule should encourage enforcement of contracts of the kind described in paragraph two of the
 
 *354
 
 syllabus which, will likewise avoid uncertainties resulting from similar controversies.